Jose Manuel LOPEZ, Plaintiff–
Appellant,

v.

CITY OF SANTA ANA, a Municipal
Corporation; et al., Defendants–
Appellees.

No. 16–55216

United States Court of Appeals,
Ninth Circuit.

Submitted September 26, 2017 *

FILED OCTOBER 6, 2017

Jose Manuel Lopez, Santa Ana, CA, pro
se.

Steven Joseph Rothans, Jill Williams,
Esquire, Justin Reade Sarno, Carpenter,
Rothans & Dumont, Los Angeles, CA, for
Defendants–Appellees.

Before: SILVERMAN, TALLMAN,
and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Jose Manuel Lopez appeals pro se from
the district court's judgment dismissing his
42 U.S.C. §§ 1983 and 1985 action alleging
federal and state law claims. We have ju-
risdiction under 28 U.S.C. § 1291. We re-
view de novo a dismissal under Fed. R.
Civ. P. 12(c). *United States v. Teng Jiao
Zhou*, 815 F.3d 639, 642 (9th Cir. 2016).
We affirm.

The district court properly dismissed
Lopez's §§ 1983 and 1985 claims for false

arrest and false imprisonment on the basis
of the applicable statute of limitations be-
cause Lopez's claims accrued more than
two years before he filed this action. *See
Wallace v. Kato*, 549 U.S. 384, 397, 389,
127 S.Ct. 1091, 166 L.Ed.2d 973 (2007)
(§ 1983 claim arising from false arrest "be-
gins to run at the time the claimant be-
comes detained pursuant to legal process,"
and a false imprisonment claim begins to
run when the alleged false imprisonment
ends); *see also* Cal. Civ. Proc. Code
§ 335.1 (two-year statute of limitations for
personal injury claims); *Lukovsky v. City
& County of San Francisco*, 535 F.3d
1044, 1048 (9th Cir. 2008) (California's
statute of limitations for personal injury
torts applies to §§ 1983 and 1985 claims).

The district court properly dismissed
Lopez's claims under the Eighth Amend-
ment, Fourteenth Amendment, and con-
spiracy claim under § 1985 because Lopez
failed to allege facts sufficient to state
plausible claims for relief. *See Hebbe v.
Pliler*, 627 F.3d 338, 341–42 (9th Cir. 2010)
(although pro se pleadings are to be lib-
erally construed, plaintiff must present
factual allegations sufficient to state a
plausible claim for relief).

The district court properly dismissed
Lopez's claim for violations of the Racke-
teer Influenced and Corrupt Organizations
Act ("RICO"), because governmental enti-
ties cannot form the necessary criminal
intent to commit a RICO violation. *See
Pedrina v. Chun*, 97 F.3d 1296, 1300 (9th
Cir. 1996).

The district court did not abuse its dis-
cretion by denying Lopez's motion for
summary judgment without prejudice in
order to first resolve a pending motion for
judgment on the pleadings. *See S. Cal.
Edison Co. v. Lynch*, 307 F.3d 794, 807

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by Ninth Circuit Rule 36–3.

(9th Cir. 2002) ("District courts have 'inherent power' to control their dockets." (citation omitted)).

The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Lopez's state law claims. *See Ove v. Gwinn*, 264 F.3d 817, 821, 826 (9th Cir. 2001) (setting forth standard of review and explaining that "[a] court may decline to exercise supplemental jurisdiction over related state-law claims once it has dismissed all claims over which it has original jurisdiction" (citation and internal quotation marks omitted)). We treat the dismissal of the state law claims as a dismissal without prejudice. *See Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) ("When ... the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice." (citation and internal quotation marks omitted).

We reject as without merit Lopez's contentions regarding the continuing violation doctrine and that the district court improperly considered matters outside the pleadings.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.